Alfredo A. Bismonte (Cal. Bar No. 136154)
Ron C. Finley (Cal. Bar No. 200549)
Craig Alan Hansen (Cal. Bar No. 209622)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: abismonte@beckross.com
       rfinley@beckross.com
       chansen@beckross.com

JENNY CHEN (State Bar No. 205043)
Email: Jenny.chen@cheniplaw.com
LAURENCE KAO (*Pro Hac Vice* pending)
Email: Laurence.kao@eastwindconsult.com
**CHEN IP LAW GROUP**
7F, No. 1, Alley 30, Lane 358,
Rueiguang Road, Neihu District,
Taipei, Taiwan 114
Telephone:  +886 921 582 847
Facsimile:  +886 277 218 822

Attorneys for Plaintiff and Counterclaim Defendant
KYE SYSTEMS AMERICA CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYE SYSTEMS AMERICA CORP., <br><br> Plaintiff <br><br> vs. <br><br> RADIOSHACK CORP., <br> SAKAR INT'L, INC., <br> TARGUS GROUP INT'L, INC., AND <br> TARGUS, INC., <br><br> Defendants <br><br><br> AND RELATED COUNTERCLAIMS. | Case No. CV08-05579 RGK (FFMx) <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)** <br><br> Date: December 1, 2008 <br><br> Time: 9:00 a.m. <br><br> Place: Courtroom 850 <br> Hon. R. Gary Klausner <br> Roybal Federal Bldg. |

Plaintiff and Counterclaim Defendant, KYE Systems America Corp. ("KYE"); Defendant and Counterclaimant RadioShack Corp. ("RadioShack"); Defendant and Counterclaimant Sakar International, Inc. ("Sakar"); and Defendant and Counterclaimants Targus Group International, Inc. and Targus, Inc. (collectively, "Targus"), by and through their undersigned counsel, hereby submit their Joint Scheduling Conference Report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's October 2, 2008 Order Setting Scheduling Conference.

## 1. STATEMENT OF THE CASE AND LEGAL ISSUES

This is a patent infringement case brought by KYE which asserts it is the owner by assignment of all rights, title and interest in United States Patent No. 5,530,455 ("the '455 patent"), issued on June 25, 1996, entitled "Roller Mouse for Implementing Scrolling in Windows Applications." KYE states the technologies claimed under the '455 patent enable users to make a computer mouse having a roller which implements a scrolling function for computer programs and several major companies are current licensees of the '455 patent. KYE seeks injunctive relief and monetary damages against each of the Defendants.

Each Defendant denies that it has infringed any valid claim of the '455 patent. Further each Defendant has filed Counterclaims asserting that they have not infringed any claim of the '455 patent and that any such claim of the '455 patent is invalid and/or unenforceable.

Pursuant to Central District Local Rule 26-1, the parties do not believe that this case is so complex as to warrant use of the procedures of the Manual for Complex Litigation.

## 2. MOTIONS TO ADD PARTIES AND AMEND PLEADINGS

Plaintiff is considering adding new parties to this case. Defendants believe other relevant parties may need to be joined. Discovery is just beginning and may reveal the existence of additional claims or additional parties which should be joined in this action.

**3. STATUS OF DISCOVERY AND DISCOVERY PLAN**

To facilitate settlement, the parties may engage in certain informal exchanges of information. These efforts may proceed simultaneously with formal written discovery requests, and depositions.

The parties anticipate exchanging their Rule 26(a)(1) disclosures on or before December 5, 2008 – except as to information of a confidential nature. Such confidential information shall be disclosed promptly after the Court enters a protective order. The parties will cooperate in preparing and submitting for the Court's approval an appropriate protective order.

The parties agree that formal discovery shall commence only after the Court holds the Joint Scheduling Conference. The parties have agreed to undertake appropriate steps to maintain relevant evidence, including documents and communications kept in electronic format.

The parties have agreed to the following limitations on discovery, subject to a subsequent determination that additional discovery is required as a result of any information or documents obtained during the course of discovery:

<u>Interrogatories</u>

The parties will follow the Federal Rules with respect to interrogatories.

<u>Requests for Admission</u>

The parties will follow the Federal Rules with respect to RFA's.

<u>Requests for Production of Documents and Things</u>

The parties will follow the Federal Rules with respect to RFP's.

<u>Depositions</u>

KYE may have up to 10 depositions per defendant (but no more than ten directed to any one party) and each Defendant may notice 10 depositions. There shall be a limit of seven hours of actual questioning time for each deposition, unless the deposition is pursuant to Rule 30(b)(6), which shall be limited to 12 hours of actual questioning time.

If, however, a deposition is taken through an interpreter, then the questioning time shall be doubled (as to Rule 30(b)(6) witnesses, the portion of questioning time shall be doubled only to the extent an interpreter is used). Witnesses offered to provide expert testimony shall not count towards the number of depositions permitted. Should the need for additional depositions arise, the parties agree to meet and confer to reasonably accommodate the request thereby hopefully minimizing the need for judicial intervention. The location for depositions shall be governed by the Federal Rules of Civil Procedure.

<u>Expert Discovery</u>

The parties propose that expert designations and disclosures pursuant to Rule 26(a)(2) shall be made as set forth in the proposed dates outlined in Section 4 of this Report.

4. **PROPOSED DISCOVERY RELATED CUTOFF DATES**

The parties propose that the following discovery cutoff dates. Fact and expert discovery cutoff dates shall mean the last day by which all depositions must be completed, all written discovery requests must be served, and responses to all previously served written discovery must be provided.

| | |
|---|---|
| December 30, 2009 | Factual discovery concluded, including factual discovery motions |
| January 11, 2010 | Initial expert witness disclosure for all matters on which a party bears the burden of proof |
| February 11, 2010 | Rebuttal expert witness disclosure |
| March 11, 2010 | Deadline to complete expert discovery, including expert discovery motions |

5. **SETTLEMENT STATUS**

The parties have informally discussed settlement, but have so far been unsuccessful. The parties hope to have meaningful settlement discussions after some of the parties have completed some fact discovery. The parties believe that the ADR

settlement procedure of private mediation may be most beneficial in resolving the dispute.

### 6. MOTION FOR SUMMARY JUDGMENT AND DISPOSITIVE MOTION HEARING CUTOFF DATE

The parties believe that issues such as infringement and invalidity as to certain claims of the '455 patent may eventually be resolved through motions for summary judgment or adjudication. Notwithstanding any scheduling herein, Defendants do not agree to waive their right to move for an early motion for summary judgment as appropriate.

The parties propose the following dispositive motion schedule:

March 29, 2010        Deadline to file dispositive motions

### 7. TRIAL ESTIMATE, PROPOSED ASSOCIATED DATES

Parties estimate that trial will last ten to fifteen days. The Targus defendants believe that because plaintiff is accusing potentially dozens of products of infringing the patent over four defendants (and possibly adding more defendants and infringing products), trial will realistically be 4-6 weeks.

The parties propose the following dates:

| | |
|---|---|
| July 26, 2010 | Trial |
| July 19, 2010 | Hearing on Motions in Limine and Disputed Jury Instructions |
| July 2, 2010 | Pretrial Conference |
| Dates Per Local Rules | Lodge/File Trial Documents |
| May 21, 2010 | Settlement Conference Deadline |

## 8. PATENT AND *MARKMAN* RELATED DATES

**Plaintiff's Position:**

Plaintiff chose to file this action in the Central District of California and does not agree that any Northern District of California Patent Local Rule procedures should be applied in this Central District case. Plaintiff suggests that in approximately four months, after some initial discovery, the Court schedule a further case management conference to address the appropriateness of a separate *Markman* hearing and briefing schedule, if appropriate.

**Defendants' Position:**

Because certain types of discovery and briefing inevitably takes place in every patent infringement lawsuit, Defendants believe that it would be appropriate for the Court to set patent disclosure and Markman related deadlines as follows. These deadlines are similar to those automatically set by the local rules in other venues that handle a large number of patent infringement suits such as the N.D. Cal. and E.D. Tex. For these reasons, Defendants believe that it would be appropriate for the Court to set patent disclosure and *Markman* related deadlines as follows:

| Date | Deadline |
|---|---|
| April 22, 2009 | Deadline for Plaintiff to provide disclosures as would be required by N.D. LR 3-1 & 3-2 |
| June 09, 2009 | Deadline for Defendants to provides disclosure as would be required by N.D. LR 3-3 & 3-4 |
| June 19, 2009 | Deadline for parties to exchange claim terms as would be required by N.D. LR 4-1 |
| July 13, 2009 | Deadline for parties to exchange claim construction positions as would be required by N.D. LR 4-2 |
| August 10, 2009 | Deadline for parties to conclude any claim construction discovery |
| August 24, 2009 | Deadline for parties to file opening claim construction briefs |

| | | |
|---|---|---|
| 1 | September 8, 2009 | Deadline for parties to file responsive claim |
| 2 | | construction briefs |
| 3 | September 21, 2009 | *Markman* Hearing, if necessary |

Dated: November 21, 2008                    Respectfully submitted,

                                                __/s/__ Alfredo A. Bismonte_____
Alfredo A. Bismonte
Ron C. Finley
Craig Alan Hansen
Beck, Ross, Bismonte & Finley, LLP

Jenny Chen
Laurence Kao
Chen IP Law Group
Attorneys for Plaintiff and Counterclaim-Defendant
KYE Systems America Corp.

Dated: November 21, 2008

                                                __/s/ Christopher M. Joe[1]__
Allan Z. Litovsky, Esq.
Christopher M. Joe, Esq.
Jamie Mathew, Esq.
Greenberg Traurig LLP

Attorneys for Defendant and Counterclaimant RadioShack Corp.

---

[1] The filer of this document hereby attests that concurrence in the filing of this document has been obtained from Christopher Joe.

Dated: November 21, 2008

      /s/ K. Tom Kohan[2]_____
K. Tom Kohan, Esq.
Kohan Law Firm

Ezra Sutton, Esq.
Ezra Sutton, P.A.

Attorneys for Defendant and
Counterclaimant Sakar International, Inc.

Dated: November 21, 2008

      /s/ Peter Afrasiabi[3]_____
Peter Afrasiabi, Esq.
Christopher W. Arledge, Esq.
Turner Green Afrasiabi & Arledge LLP

Attorneys for Defendant and
Counterclaimant Targus Group
International, Inc. and Targus, Inc.

---

[2] The filer of this document hereby attests that concurrence in the filing of this document has been obtained from K. Tom Kohani.

[3] The filer of this document hereby attests that concurrence in the filing of this document has been obtained from Peter Afrasiabi.