1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9

10   KYE SYSTEMS AMERICA CORP.,              Case No. CV08-05579 PGK (FFMx)

11              Plaintiff and
                Counterclaim-                PROTECTIVE ORDER PURSUANT
12              Defendant,                    TO STIPULATION

13       vs.

14   RADIOSHACK CORP.,                        NOTE: CHANGES MADE BY THE COURT
     SAKAR INT'L, INC.,
15   TARGUS GROUP INT'L, INC., AND
     TARGUS, INC.
16
17              Defendants and
                Counterclaim-
18              Plaintiffs.

19   ─────────────────────────────
20   AND RELATED COUNTERCLAIMS.

21

22

23       The parties submitted a Stipulation to Protective Order dated March 31, 2009.

24   After reviewing the stipulation, the Court enters the following protective order.

25       / / /

26       / / /

27       / / /

28       / / /

-1-

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items shall be limited to those materials that are believed in good faith to contain or constitute information that is subject to protection under the Federal Rules of Civil Procedure or other applicable rules as proprietary, trade secret, or otherwise commercially sensitive.  The "Confidential" designation shall not include any material that has been placed in the public domain and/or has been made available as a matter of public record.

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items shall be limited to extremely sensitive "Confidential Information or Items" whose disclosure

-2-

to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

/ / /

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

-4-

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on  each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that any party that believes any deposition testimony should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Federal Rules of Civil Procedure, shall invoke, on the record during the deposition, or in writing within 10 days of the taking of the deposition,  a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  The 20-day period shall run from the receipt by the Designating Party of the un official deposition transcript.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.  The Designating Party shall be required to provide notice to the court reporter detailing those sections of the deposition transcript that are being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To the extent feasible, the court reporter shall separate those sections before producing an official transcript and shall produce the pages designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a separately bound section.  If this is not feasible or if the official transcript has already been completed,

1  then the notice from the Designating Party shall be affixed by the court reporter to the

2  official transcript provided to any party.

3     (c) for information produced in some form other than documentary, and for any

4  other tangible items, that the Producing Party affix in a prominent place on the exterior

5  of the container or containers in which the information or item is stored the legend

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7     5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

8  designate qualified information or items as "Confidential" or "Highly Confidential –

9  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

10  secure protection under this Order for such material.  If material is appropriately

11  designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the

12  material was initially produced, the Receiving Party, on timely notification of the

13  designation, must make reasonable efforts to assure that the material is treated in

14  accordance with the provisions of this Order.

15     6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

16     6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's

17  confidentiality designation is necessary to avoid foreseeable substantial unfairness,

18  unnecessary economic burdens, or a later significant disruption or delay of the litigation,

19  a Party does not waive its right to challenge a confidentiality designation by electing not

20  to mount a challenge promptly after the original designation is disclosed.

21     6.2  Meet and Confer.   A Party that elects to initiate a challenge to a Designating

22  Party's confidentiality designation must do so in good faith and must begin the process

23  by conferring directly (in voice to voice dialogue; other forms of communication are not

24  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party

25  must explain the basis for its belief that the confidentiality designation was not proper

26  and must give the Designating Party an opportunity to review the designated material, to

27  reconsider the circumstances, and, if no change in designation is offered, to explain the

28     / / /

1  basis for the chosen designation.  A challenging Party may proceed to the next stage of

2  the challenge process only if it has engaged in this meet and confer process first.

3      6.3  <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

4  confidentiality designation after considering the justification offered by the Designating

5  Party may file and serve a motion under L.R. 37 (and in compliance with L.R. 7-19 and

6  79-5, if applicable) that identifies the challenged material and sets forth in detail the

7  basis for the challenge.  Each such motion must be accompanied by a competent

8  declaration that affirms that the movant has complied with the meet and confer

9  requirements imposed in the preceding paragraph and that sets forth with specificity the

10  justification for the confidentiality designation that was given by the Designating Party

11  in the meet and confer dialogue.

12      Until the court rules on the challenge, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing

14  Party's designation.

15      7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16      7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

17  disclosed or produced by another Party or by a non-party in connection with this case

18  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

19  Material may be disclosed only to the categories of persons and under the conditions

20  described in this Order.  When the litigation has been terminated, a Receiving Party

21  must comply with the provisions of section 11, below (FINAL DISPOSITION).

22      Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons

24  authorized under this Order.

25      7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

26  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

27  may disclose any information or item designated CONFIDENTIAL only to:

28

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"  (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  If a deposition transcript will contain testimony or exhibits that reveal Protected Material, but has not yet been prepared, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information or an original recipient.

7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

-8-

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f) the author of the document or the original source of the information or an original recipient.

7.4 Receiving Party of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Without prejudice to any right and obligation set forth herein, unless it is otherwise agreed in writing by all parties or ordered by the Court, any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed by Outside Counsel for the Receiving Party to the Receiving Party, nor to any officers, directors, or employees of the Receiving Party.

7.5 Outside Counsel and Expert.  Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," particularly information or items relating to Producing Party's business, sales and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this case.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after

receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.

Pursuant to Local Rule 79-5, if material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is included as an exhibit to, or is the subject of examination during a deposition, or is incorporated into or attached to a pleading filed

-10-

1  with the Court, arrangements shall be made (a) to separately bind those exhibits, as well

2  as confidential portions of the transcript or pleading, and (b) to place them in a sealed

3  envelope on which the following statement is displayed:

> Filed under seal pursuant to the Protective Order dated
> [INSERT DATE] and contains confidential documents filed in
> KYE Systems America Corp. v. RadioShack et al, Case No.
> CV08-05579.  It is not to be opened or the contents thereof
> displayed or revealed except to persons authorized to inspect
> them.

9  If the confidential portion of the pleading or transcript cannot be conveniently

10  segregated, the entire pleading or transcript shall be deemed confidential.

11      11. <u>FINAL DISPOSITION</u>.

12      Unless otherwise ordered or agreed in writing by the Producing Party, within

13  sixty days after the final termination of this action, each Receiving Party must

14  return all Protected Material to the Producing Party or destroy it .  As used in this

15  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

16  summaries or any other form of reproducing or capturing any of the Protected

17  Material.  Whether the Protected Material is returned or destroyed, the Receiving

18  Party must submit a written certification to the Producing Party (and, if not the

19  same person or entity, to the Designating Party) by the sixty-day deadline that

20  identifies (by category, where appropriate) all the Protected Material that was

21  returned or destroyed and that affirms that the Receiving Party has not retained any

22  copies, abstracts, compilations, summaries or other forms of reproducing or

23  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

24  are entitled to retain an archival copy of all Protected Material or pleadings, motion

25  papers, transcripts, legal memoranda, correspondence or attorney work product,

26  even if such materials contain Protected Material.  Any such archival copies that

27  contain or constitute Protected Material remain subject to this Protective Order as

28  set forth in Section 4 (DURATION), above.

-11-

1    12. <u>MISCELLANEOUS</u>

2    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

5    Protective Order, no Party waives any right it otherwise would have to object to

6    disclosing or producing any information or item on any ground not addressed in

7    this Stipulated Protective Order.  Similarly, no Party waives any right to object on

8    any ground to use in evidence of any of the material covered by this Protective

9    Order.

11    IT IS SO ORDERED.

13    DATED:   April 27, 2009          <u>/S/ FREDERICK F. MUMM</u>

14                                        FREDERICK F. MUMM
                                          United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of KYE Systems America Corp. v. Radioshack, et al. Case No. 2:08-cv-05579-RGK (FFMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____